UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TERRY KERMIT JOHNSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 09-82-GFVT |
| ) | |
| v. ) | |
| ) | |
| WARDEN KAREN HOGSTEN, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Terry Kermit Johnson is incarcerated that the Federal Correctional Institution at Manchester, Kentucky. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 6.]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Johnson is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

# I.

In his petition, Johnson contends that he is entitled to an immediate transfer to home confinement under the Second Chance Act of 2007 because the Bureau of Prisons ("BOP") regulation implementing that Act, 28 C.F.R. § 570.21, is invalid. Johnson argues that the

regulation, which permits placement in a Residential Reentry Center ("RRC") or home confinement for no more than six months absent a compelling or extraordinary need for a longer placement of up to 12 months, is contrary to the express terms of the Act. Johnson has attached to his petition numerous documents evidencing his efforts to request this relief informally from BOP staff, beginning in June 2008 and continuing through February 2009. Responses from BOP staff consistently state that they have considered his request and determined that a 150-180 day placement in a RRC is sufficient to address his placement needs, and rejecting his request for a longer placement. Presumably based upon these responses, in his petition Johnson contends that formal exhaustion of his administrative remedies is unnecessary because the BOP has predetermined its position on the issue.[1]  [R. 2.]

On March 26, 2009, the Court entered an Order directing Johnson to file into the record either copies of documents establishing that he had exhausted his administrative remedies, or a legally-sufficient explanation for his failure to exhaust administrative remedies. [R. 4.] On April 6, Johnson filed a response. [R. 5.] In his response, Johnson contends that (1) because his claims sound in habeas rather than under the civil rights laws, the exhaustion requirement is prudential rather than jurisdictional; and (2) exhaustion should be excused because (a) he will suffer irreparable harm if he is not released shortly to a RRC because the full 12-month placement to which he is entitled is rapidly approaching or has already come and gone; and (b)

---

[1] Johnson has previously raised this issue in a petition for a writ of habeas corpus, which the Court re-characterized as a *Bivens* action in light of the supplemental retaliation claims he asserted. The Court did not reach the merits of Johnson's claims, instead dismissing the case in light of his self-evident failure to exhaust his administrative remedies in conformity with the framework established by the BOP at 28 C.F.R. §§ 542.10-.19. Johnson filed a notice of appeal, and the case remains pending before the Court of Appeals for the Sixth Circuit. *Johnson v. Smith*, 08-325-GFVT, Eastern District of Kentucky [R. 2, 8, 12.] The Court assumes without deciding that 28 U.S.C. § 1291 does not deprive it of subject matter jurisdiction to consider Johnson's claims on the merits.

the BOP has expressed a firm categorical decision regarding the issue presented in his petition.

**II.**

Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the BOP. *Wesley v. Lamanna*, 2001 WL 1450759 (6th Cir. 2001). This requirement is not established by statute, but is a prudential requirement designed to permit agencies to resolve disputes or correct errors without unnecessary involvement of the courts, and to ensure an adequate record for judicial review. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004). Because this requirement is imposed by courts on equitable grounds, it may be waived where its enforcement would not further the purposes for which it was designed.

First, Johnson argues that the Court should excuse him from completing the BOP's grievance process because he will be unable to do so before the date on which he would be entitled to transfer to a RRC had the BOP properly applied the Second Chance Act. This argument is without merit. As previously noted, Johnson has been complaining to BOP staff regarding its placement determinations regarding him since June 2008; had he properly invoked the BOP's grievance process at that time, he would have had ample time to complete the exhaustion process. Therefore, any injury Johnson would suffer from his inability to complete the grievance process in time to obtain the full measure of relief he now seeks is self-inflicted.

Next, Johnson argues that exhausting his administrative remedies would be futile because he is not challenging the BOP's application of its regulation to him, but the regulation itself. Johnson avers that the BOP will be unwilling to change the regulation based on his appeal. The "futility" exception which Johnson invokes applies in certain narrowly-defined circumstances, such as where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness

to reconsider." *Colton*, 299 F.Supp.2d at 689-90 (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C.Cir.1987). While this argument holds more superficial appeal, the regulation at issue is comparatively new, as is the BOP's enforcement of it, and there is simply not yet a sufficiently-established record of the BOP's enforcement policies regarding the issue. The Court is not yet prepared to conclusively hold that the BOP's position on the matter is fixed and inflexible.

The Court therefore holds that Johnson has failed to provide a legally-sufficient justification for his failure to exhaust administrative remedies, and the petition must be denied as prematurely brought. The Court further notes that numerous courts have upheld the validity of the Second Chance Act, 28 C.F.R. § 570.21 against challenges identical to those asserted by Johnson here. *See, e.g.*, *Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008) (upholding regulation's "extraordinary justification" requirement for RRC placement exceeding 6 months as permissible rulemaking to address certain issues of general applicability as permitted under *Lopez v. Davis*, 531 U.S. 230 (2001)).

### III.

Accordingly, it is **ORDERED** that:

1. Johnson's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 15th day of April, 2009.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge